IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KAREN A. OTTATI,

                Plaintiff,

                                            Civ. Action No.
  vs.                                      6:06-CV-1370 (NPM/DEP)

CITY OF AMSTERDAM, *et al.*,

                Defendants.

_____

APPEARANCES:             OF COUNSEL:

FOR PLAINTIFF:

KEACH LAW OFFICE        ELMER R. KEACH, III., ESQ.
1040 Riverfront Center     BETHANY SCHUMANN-McGHEE, ESQ.
P.O. Box 70
Amsterdam, NY 12010

FOR DEFENDANTS:

GIRVIN, FERLAZZO        GREGG T. JOHNSON, ESQ.
    LAW FIRM
20 Corporate Woods Blvd.
2nd Floor
Albany, NY 12211-2350

BRENNAN, WHITE          DANIEL J. STEWART, ESQ.
    LAW FIRM
163 Haviland Road
Queensbury, NY 12804

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in connection with this action are two motions brought together by the plaintiff.  Dkt.  No.  65.  In the first, plaintiff seeks permission to file and serve an amended complaint.  The second, companion motion requests relief from the protective order previously issued in this case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Dkt.  No.  46) to permit dissemination of a document, designated as the "Joslin Report", which has been produced by the Amsterdam City defendants during the course of discovery pursuant to the confidentiality provisions of that protective order.  *Id.*  Both motions are opposed by the defendants.  Dkt.  Nos.  68, 69.

Oral argument was conducted in connection with those two motions on November 12, 2008.  At the close of argument, applying the standard articulated under Rule 15(a) of the Federal Rules of Civil Procedure and informed by applicable case law, including from this circuit, I issued a bench decision granting plaintiff's application for leave to amend her complaint.  After substantial and spirited argument regarding the protective order, however, I issued a verbal ruling denying plaintiff's

request for modification of that order, though without prejudice.

Based upon the foregoing and the court's bench decision dated November 12, 2008, which decision is incorporated herein by reference, it is hereby

ORDERED as follows:

1) Plaintiff's motion for leave to amend is GRANTED.

2) Within twenty days of the date of this order plaintiff shall file with the court, with proof of service upon defendants' counsel, a proposed amended complaint in the form of that attached to her motion for leave to amend. Thereafter, defendants shall answer or move to dismiss that complaint within the time allotted under the Federal Rules of Civil Procedure.

3) Plaintiff's motion for an order modifying the protective order previously issued in the case (Dkt. No. 46) is hereby DENIED, without prejudice.

4) In making this ruling the court clarifies that the protective order issued in this case serves only to restrict any party to this litigation with respect to the use of materials obtained from an adversary during the

course of pretrial discovery and properly designated as confidential and subject to that protective order.  My order does <u>not</u> prohibit a party from disseminating one of its own documents, notwithstanding that it has been designated as confidential in the case, and thus does not serve as an impediment to any of the defendants distributing any documents which they maintain in their possession, custody or control, including though not limited to the Joslin Report, that were not obtained from the plaintiff during discovery in this action.

     5)    This ruling is without prejudice to the right of plaintiff to reapply to the court for relief from the protective order regarding the Joslin Report or any other document obtained during the course of pretrial discovery and designated as confidential, based upon changed circumstances which could include, but are not necessary limited to, allegations that defendants have prospectively made public statements regarding the contents of the Joslin Report which can only fairly be rebutted by allowing plaintiff to similarly comment concerning the contents of the report, or the contentionthat the document in question has become a "judicial document" which may not be sealed absent consideration of the

controlling competing concerns pursuant, *inter alia*, to *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006).

  6) No costs or attorney's fees are awarded in connection with plaintiff's motions.

            _____
             David E. Peebles
             U.S. Magistrate Judge

Dated:  November 20, 2008
      Syracuse, NY