UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAREN A. OTTATI,

        Plaintiff,

  -v-                                5:06-CV-1370  (NPM / DEP)

CITY OF AMSTERDAM,
AMSTERDAM POLICE DEPARTMENT,
JOSEPH EMANUELE, III, individually
and as Mayor of the City of Amsterdam,
THOMAS V. N. BROWNELL, individually
and as Chief of Amsterdam Police Department,

        Defendants.

_____

APPEARANCES:                               OF COUNSEL:

Karen A. Ottati
Pro Se Plaintiff
7 Allison Drive, P.O. Box 703
Hagaman, NY 12086

Lemire Johnson Law Firm                   Gregg T. Johnson, Esq.
Attorneys for Defendants                    Danielle M. Barone, Esq.
City/Amsterdam, Joseph Emanuele, III
P.O. Box 2485, 2534 Route 9
Malta, NY 12020

Brennan & White, LLP                         Daniel J. Stewart, Esq.
Attorney for Defendant Thomas V. N. Brownell
163 Haviland Road
Queensbury, NY 12801

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

Pro se plaintiff Karen A. Otatti ("Ottati") brings this civil rights action against the City of Amsterdam ("the City") and Joseph Emanuele, III, individually and in his official capacity as Mayor of the City of Amsterdam ("Emanuele") (heretofore referred to as "the City defendants") and Thomas V. N. Brownell ("Brownell"), individually and in his official capacity as Chief of the Amsterdam Police Department ("APD") (collectively, "defendants"). Ottati alleges sex-based employment discrimination pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991("Title VII"), and state law claims pursuant to New York State Human Rights Law, codified at New York  Executive Law  § 297 et seq.

The court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Currently before the court is City defendants' motion to dismiss (Doc. No. 78), motion for summary judgment (Doc. No. 172), and motion for discovery sanctions for failure to preserve evidence (Doc. No. 173).  Pursuant to a Second Circuit mandate in the companion case to the case at bar (See Kercado-Clymer v. City of Amsterdam, 370 Fed.Appx. 238 (2d Cir. 2010)), the court sua sponte dismisses the complaint in the instant case against defendants Brownell and Emanuele on the basis of qualified immunity.  Accordingly, no claims remain

against the City defendants, and their motions to dismiss and for summary judgment are denied as moot. For the reasons set forth below, the motion for sanctions is denied.

I.      **Facts and Procedural History**

The court assumes familiarity with the facts of this case.[1]  The court notes that the facts as revealed in discovery materials bear little resemblance to the facts complained of in the November 13, 2006 Complaint, which initiated the case at bar, or the Amended Complaint (Doc. No. 74) filed on December 10, 2008.   On December 19, 2008, the City defendants filed a motion to dismiss the case against Emanuele and the City on the basis of qualified immunity (Doc. No. 78). Extensions of time were granted to Ottati by the court, who filed her response on February 11, 2009.  After several months of contentious discovery issues (evidenced by eighty entries on the docket report) which were deftly handled by the magistrate judge in the case, but before the court had ruled on the motion to dismiss, the City defendants filed the pending motion for summary judgment on November 30, 2009.  On December 14, 2009, in response to the many documents filed under seal, Ottati filed a motion to lift the protective order in the case, which

---

[1]     The court notes that the facts as revealed in discovery materials bear little resemblance to the facts complained of in the November 13, 2006 Complaint which initiated the case at bar, or the Amended Complaint (Doc. No. 74) filed on December 10, 2008.

was granted by MDO dated January 25, 2010.  After the MDO was issued, Brownell, who had previously filed a motion for summary judgment under seal, moved the court for permission to withdraw his motion for summary judgment.

The court granted Ottati several extensions of time for her response to the motion for summary judgment.  The final date for Ottati's reply to the City defendants' motion was May 11, 2010.  However, on that date, Ottati's attorney moved to withdraw as Ottati's counsel.  Ottati requested and was given a significant period of time to obtain new counsel, but did not obtain an attorney.  She filed her pro se response in opposition to the motion for summary judgment on February 14, 2011.  City defendants' reply brief was filed on March 1, 2011.

In the companion case mentioned supra, Kercado-Clymer v. City of Amsterdam, 6:07-cv-0086, this court denied Brownell's motion for summary judgment based on qualified immunity.   Brownell appealed the decision to the Second Circuit Court of Appeals.  On May 20, 2010, the Court of Appeals issued its mandate, finding that the court erred in denying summary judgment on the basis of qualified immunity.  The Court of Appeals held that "[t]o be denied summary judgment on qualified immunity, an official must violate clearly established law.  We conclude that Brownell's actions, while patently inappropriate, did not violate clearly established law."  The Court of Appeals affirmed this court's decision in

regard to Kercado-Clymer's retaliation claims. Kercado-Clymer, 370 Fed.Appx. at 242. All claims of hostile work environment against Brownell and the City defendants were subsequently dismissed by MDO of this court. See Kercado-Clymer v. City of Amsterdam, 2010 WL 2292105 (N.D.N.Y. 2010); Kercado-Clymer v. City of Amsterdam, 2010 WL 5185819 (N.D.N.Y. 2010). Retaliation claims remained for trial, but judgment dismissing the action based on settlement issued on January 13, 2011.

## II. DISCUSSION

As a threshold matter, the court must address, sua sponte, the issue of qualified immunity as it applies to Brownell in the case at bar. As stated supra, the Second Circuit has stated succinctly that "[t]o be denied summary judgment on qualified immunity, an official must violate clearly established law ...We conclude that Brownell's actions, while patently inappropriate, did not violate clearly established law." Kercado-Clymer, 370 Fed.Appx. 238, 242 (2d. Cir. 2010). In their initial motion to dismiss in the case at bar (Doc. No. 10), the City defendants did not advance a qualified immunity defense for the claims against them. Brownell joined the City defendants' motion (Doc. No. 25), but also failed to bring up the qualified immunity issue, although he did list qualified immunity as an affirmative defense in his answer to the complaint. Id. Accordingly, the court

has not previously addressed the issue of qualified immunity in this case.

The alleged offensive behavior by Brownell of which Ottati complains is essentially the same behavior complained of by Kercado-Clymer in the companion case, which the Second Circuit found to be protected by qualified immunity. However, in the instant case, there is the further issue of the plethora of sex-themed emails from Brownell which Ottati claims she found offensive and continued to receive from Brownell after specifically asking him to take her off his email list.  Attorney Joslin, an independent investigator found, and the City defendants have argued, that Brownell's behavior was not entirely unwelcome. The court concurs. Discovery has unearthed several emails that were sent to Brownell from Ottati, emails containing sex-themed cartoons which could be considered equally as offensive as those sent to Ottati by Brownell.  In addition, discovery has produced several cards and notes written to Brownell by Ottati, thanking him for his many acts of kindness.  Unlike the alleged retaliation in the companion case, Ottati claim is that after she filed her claim of sexual harassment against Brownell, he retaliated by no longer allowing her to use his private bathroom, which falls far short of an adverse employment action under a retaliation standard.   Accordingly, pursuant to the facts of the case at bar and the Second Circuit Mandate in the companion case, the court finds that Brownell is

shielded from liability on the basis of qualified immunity on both the hostile work environment and sexual harassment claims in the case at bar.  Thus, all counts against him in the complaint are sua sponte dismissed.

In addition, because Brownell is shielded from liability by qualified immunity, the court finds that the City cannot be held liable under Title VII vicarious liability standards, NY Human Rights Law or a §1983 theory of respondeat superior.  See Kercado-Clymer v. City of Amsterdam, 2010 WL 5185819 at * 2-4.  Accordingly, all counts against the City defendants in the complaint are sua sponte dismissed.

On March 1, 2010, City defendants filed a letter brief asserting that because their motion for discovery sanctions was unopposed by Ottati, they were entitled to a ruling in their favor.  "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation ... It has long been the rule that spoliators should not benefit from their wrongdoing ...." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).  "District courts should craft sanctions so as to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the

wrongful destruction of evidence by the opposing party." <u>Riordan v. BJ's Wholesale Club, Inc.</u>, 2011 WL 124500 at * 4 (N.D.N.Y. 2011) (citing <u>Kronisch v. U.S.</u>, 150 F.3d 112, 126 (2d Cir. 1998). In the case at bar, the court finds that, given the outcome of the case before it, the City defendants are not prejudiced by the spoliation of evidence, and the spoliator did not benefit from her wrongdoing. Accordingly, the motion for sanctions is denied.

### III. CONCLUSION

For the reasons set forth <u>supra</u>, the court <u>sua sponte</u> dismisses the complaint against defendant Brownell and the City Defendants. Accordingly, City Defendants' motion to dismiss (Doc. No. 78) is DENIED as moot. City defendants' motion for summary judgment (Doc. No. 172) is DENIED as moot. City defendants' motion for sanctions (Doc. No. 173) is DENIED. The Clerk is instructed to close this case.

SO ORDERED.

March 28, 2011

_____
Neal P. McCurn
Senior U.S. District Judge